IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DUANE JAMES,**
      **Petitioner,**

v.            Civil Action No. 3:18-CV-5
                                             (GROH)

**JENNIFER SAAD, Warden,**
      **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 11, 2018, the *pro se* Petitioner, an inmate at Gilmer FCI in Glenville, West Virginia, filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence as a Career Offender under the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). ECF No. 1. Thereafter, Petitioner paid the $5.00 filing fee. ECF No. 5.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

### II.     FACTUAL AND PROCEDURAL HISTORY[1]

#### A.     Conviction and Sentence

On September 16, 2013, in the United States District Court for the District of Maryland, an indictment was returned against Petitioner in Case No. 8:13-CR-494.

---

[1] The facts are taken from the Petitioner's criminal Case No. 8:13-CR-494 in the United States District Court for the District of Maryland, available on PACER. Unless otherwise noted, the ECF entries in Sections II.A., II.B. and II.C. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

ECF No. 1.  On April 8, 2014, Petitioner entered a guilty plea to Counts 1 through 5. ECF Nos. 18, 19.  On August 18, 2014, Petitioner was sentenced to 151 months of imprisonment on each count, with each sentence to be served concurrently to one another.  ECF No. 32.

**B.    Appeal**

Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

**C.    Motion to Vacate**

On June 3, 2016, Petitioner, by counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court.  ECF No. 37.  That motion cited to Johnson v. United States, 135 S.Ct. 2551 (2015), to support his claim that he was improperly sentenced as a career offender.  Id.  On April 25, 2017, a Notice of Dismissal of 28 U.S.C. § 2255 Motion was filed by counsel, with the signature of Petitioner.  ECF No. 38.

**D.    Instant § 2241 Petition**

Petitioner challenges both his conviction and his sentence as a career offender. ECF No. 1 at 1, 5.  The petition asserts two grounds for relief: (1) that Petitioner's 1995 and 1997 robbery convictions in Maryland are no longer considered crimes of violence under U.S.S.G. § 4B1.1, and that as a result, he is "actually innocent" of being a career offender; and (2)  that he received ineffective assistance of counsel when his attorney advised him to withdraw his § 2255 motion to vacate.  ECF No. 1 at 5 – 6.  Petitioner attached as an exhibit to his petition a letter from his counsel in Maryland.  ECF No. 1-3 at 1.  The letter reads:

>    Dear Mr. James:

> I am sorry to inform you that the Supreme Court of the United States recently decided in Beckles v. United States[2] that the advisory sentencing guidelines are not subject to Johnson challenges. Because this is the kind of challenge we are attempting to make in your case, I recommend that you withdraw your 2255 motion to vacate. Should you proceed with the motion to vacate and the Court rules against you, you will be barred from filing another motion to vacate unless you seek the permission of the Fourth Circuit. Seeking the Fourth Circuit's permission to file a motion to vacate can be an onerous process, and there is no guarantee the Fourth Circuit will give you permission to file another motion.
>
> I am enclosing a form for you to fill out if you agree to withdraw your motion to vacate. Unfortunately, in light of the Beckles decision, my office is unable to continue representing you on a Johnson challenge. If you decide not to withdraw your motion to vacate, you will likely be proceeding pro se, without a lawyer.
>
> Please call me . . . if you have any questions.

Id.

Among other requested relief, Petitioner asks that this Court "reinstate Petitioner's right to raise [his] claims in a 28 U.S.C. § 2255 in the District of Maryland" and resentence him. ECF No. 1-1 at 4, 6. Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because he "is time-barred to file [ ] § 2255 and has no other legal vehicle to raise these claims and test the legality of his detention." ECF No. 1 at 9.

On October 7, 2019, Petitioner filed a motion for expedited review of his petition for habeas corpus. ECF No. 14.

---

[2] In Beckles v. United States, 137 S.Ct. 886 (2017), the Supreme Court held that the Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a void for vagueness challenge under the Due Process Clause, because the Guidelines are discretionary, or "effectively advisory", as recognized by United States v. Booker, 543 U.S. 220, 233 (2005).

3

### III.     LEGAL STANDARD

A.     **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.     **Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

4

>   baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. §

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Petitioner's two grounds for relief are that he was misclassified as a career offender under the post-Booker,[6] advisory Guidelines, and that but for his counsel's ineffective assistance and recommendation to dismiss his timely filed § 2255 motion, he would have pursued his timely § 2255 motion to vacate. ECF No. 1 at 5 – 6.[7]

### A. Petitioner's Claim that his Sentence was Improperly Enhanced

To seek relief from either his conviction or sentence, the Petitioner may file a § 2255 motion, provided he can meet the 1-year period of limitation mandated under § 2255(f), or he can file a § 2241 petition relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, see 28 U.S.C. § 2255(h), it is appropriate that he proceed via a § 2241 relying on the § 2255(e) savings clause. In order to utilize § 2241 relying on the savings clause of § 2255(e), he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second[8], and third[9] prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to

---

[6] United States v. Booker, 543 U.S. 220 (2005).

[7] The undersigned notes that Petitioner nominally asserts a challenge to his conviction in his petition. ECF No. 1, at 1. After careful review of the petition, the undersigned concludes that the heart of Petitioner's challenge is to the legality of his sentence, not his conviction. However, to the extent Petitioner is challenging his conviction, even if Petitioner meets the first and third prongs of the Jones test, he does not meet the second prong of the Jones test because the federal crime for which he was convicted—five counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)—remains a criminal offense. Accordingly, to the extent Petitioner raises a challenge to the validity of his robbery conviction, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his conviction on the merits.

[8] It appears Petitioner did not satisfy the first condition of the second prong of the Wheeler test as he did not file a direct appeal and although he filed a § 2255, it was voluntarily dismissed.

a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[10] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester court observed that "the savings clause should provide only the

---

[9] It also appears Petitioner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions, as required by the third prong of Wheeler, because although he filed a § 2255 motion, he moved to dismiss that motion, and thus never pursued to conclusion the issues raised therein.

[10] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

### B. Petitioner's Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be considered on the merits by the two-part analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984), which requires that Petitioner show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. However, before a Strickland analysis is merited, Petitioner must demonstrate that he meets all three prongs of Jones, or all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge. However, in his second claim for relief, Petitioner is again unable to demonstrate that he meets the second prong of Jones or the fourth prong of Wheeler.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.** It is further **RECOMMENDED** that Petitioner's motion for expedited review [ECF No. 14] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to timely file written objections to the Recommendation set forth above will result in waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 13, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE